STATE OF NORTH CAROLINA v. RAYMOND EDWARD BARBOUR

No. 7515SC479

(Filed 13 October 1977)

**Homicide § 24.2 — reduction of crime from murder to manslaughter — burden of proof — erroneous instructions**

> Upon remand from the U.S. Supreme Court, a defendant convicted of second degree murder in January 1975 is granted a new trial because of the court's instructions which placed the burden on defendant to show circumstances that would reduce the offense from second degree murder to manslaughter.

ON order from the United States Supreme Court, 432 U.S. ---, 97 S.Ct. ---, 53 L.Ed. 2d 1087, entered 27 June 1977, granting defendant's petition for a writ of certiorari to review our decision reported in 28 N.C. App. 259, 220 S.E. 2d 812 (1976), vacating said decision and remanding the cause to this court for further consideration in light of *Patterson v. New York*, 432 U.S. ---, 97 S.Ct. ---, 53 L.Ed. 2d 281 (1977), and *Hankerson v. North Carolina*, 432 U.S. ---, 53 L.Ed. 2d 306, 97 S.Ct. --- (1977).

Defendant was charged with, and in January 1975 was placed on trial for, the first-degree murder of William Samuel Abner on 13 June 1974. He pled not guilty. Evidence presented at the trial is summarized in our former opinion.

The jury found defendant guilty of murder in the second degree and from judgment imposing prison sentence of not less than 35 nor more than 40 years, defendant appealed to this court. In the decision above referred to, we found no error in the trial. On 2 March 1976 the Supreme Court of North Carolina denied defendant's petition for discretionary review and dismissed his appeal for lack of substantial constitutional question. 289 N.C. 452, 223 S.E. 2d 160.

Our decision finding no error in defendant's trial having been vacated by the United States Supreme Court, and the cause remanded to us for further consideration as above stated, we now proceed to reconsider our former decision.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Fred Darlington III, Felix B. Clayton and Thomas B. Anderson, Jr., for defendant appellant.*

BRITT, Judge.

Defendant contends he is entitled to a new trial for the reason that certain instructions given by the trial court to the jury violated the rule established by the United States Supreme Court in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed. 2d 508 (1975), and followed by the North Carolina Supreme Court in *State v. Hankerson*, 288 N.C. 632, 220 S.E. 2d 575 (1975). The challenged instructions are as follows:

> Now, in order to reduce the crime to manslaughter, the defendant must prove, not beyond a reasonable doubt but simply to your satisfaction, that there was no malice on his part. To negate malice and thereby reduce the crime to manslaughter, the defendant must satisfy you of three things:

> First, that he shot William Abner in the heat of passion. Now, this doesn't mean mere anger; it means that the defendant's state of mind was at the time so violent as to overcome his reason, so much so that he could not think to the extent necessary to form the intent necessary to form the deliberate purpose and control his actions;

> Second, he must satisfy you that this passion was produced by some action on the part of William Abner which the law regards as adequate provocation. That would consist of anything which has a natural tendency to produce such passion or frame of mind in a person of average mind and disposition;

Third, he must satisfy you that the shooting took place so soon after the provocation, whatever you may find that may be, that the passion of a person of average mind and disposition would not have cooled.

Clearly, the instructions placing the burden on defendant to show circumstances that would reduce the offense from second-degree murder to manslaughter were erroneous in view of *Mullaney* and *Hankerson*. We hasten to add, however, that the trial of the instant case took place in January of 1975, previous to the *Mullaney* and *Hankerson* decisions, and the able trial judge gave the substance of instructions that had been approved by the appellate courts of this jurisdiction for more than 100 years.

In *Hankerson* our State Supreme Court declared no longer valid instructions similar to those challenged in the instant case. We quote from the Hankerson opinion, 288 N.C. 632 at 643, 220 S.E. 2d 575 at 584: "We hold that by reason of the decision in *Mullaney* the Due Process Clause of the Fourteenth Amendment prohibits the use of our long-standing rules in homicide cases that a defendant in order to rebut the presumption of malice must prove to the satisfaction of the jury that he killed in the heat of a sudden passion and to rebut the presumption of unlawfulness, that he killed in self-defense. . . ."

Although our Supreme Court in *Hankerson* declared no longer valid instructions similar to those challenged in this case, said court held that *Mullaney* would be given retroactive effect in North Carolina only to trials conducted on or after 9 June 1975. Thereafter, the U.S. Supreme Court allowed certiorari in *Hankerson* and, in an opinion filed 17 June 1977 and reported in 432 U.S. ---, 53 L.Ed. 2d 306, 97 S.Ct. ---, held that our State Supreme Court erred in declining to hold the Mullaney rule retroactive.

Of course, we are bound by the opinion of the United States Supreme Court. Consequently, we hold that defendant in the case at hand is entitled to a new trial and it is so ordered.

New trial.

Judges PARKER and CLARK concur.